IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIM. ACTION NO. |
| | ) | 2:03cr259-T |
| **LEON CARMICHAEL, SR.** | ) | (WO) |
| | ) | |
| | ) | |

ORDER

As stated in open court, it is ORDERED that defendant Leon Carmichael, Sr.'s objection to partial sequestration order (Doc. No. 386) is overruled and his motion to amend order (Doc. No. 386) is denied.

The court has carefully weighed all considerations involved, and has concluded that partial sequestration of the jury, including the provision of a secure parking area for the jury and transportation to and from that location to the courthouse each day by the United States Marshals Service, is appropriate in order to protect the integrity of the upcoming trial.

Providing this service to the jurors will ensure that they do not come into contact, even accidentally, with any

of the trial participants or media while en route to or from the courtroom, and will protect the jury from overhearing any extrajudicial statements about the case.  Furthermore, providing the jury with parking and transportation will alleviate any logistical difficulties jurors might have with parking near the courthouse.

The court entered this order of partial sequestration in anticipation of a fair number of people, including the media, attending this trial.  If trial attendance or media coverage is not as significant or extensive as predicted, the court will reconsider whether the order is necessary.

Finally, the court will explain to the jury why it is being partially sequestered if the defense wants such.  As stated in open court, if the defense wishes to provide the court with a proposed jury instruction on the reasons for partial sequestration, it may do so prior to the start of jury selection.

DONE, this the 3rd day of June, 2005.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE