```
        IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
           MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

UNITED STATES OF AMERICA      )
                              )
    v.                        )   CRIM. ACTION NO.
                              )     2:03cr259-T
LEON CARMICHAEL, SR.          )        (WO)
                              )
                              )
```

ORDER

Defendant Leon Carmichael, Sr. is charged in the United States District Court for the Middle District of Alabama with drug conspiracy and money laundering. In a pretrial proceeding, Carmichael objected to the admissibility of incriminating statements he made to Drug Enforcement Agency (DEA) Agent David DeJohn on December 4, 2003, when, apparently at the behest of his former attorney Stephen Glassroth, he went to the Montgomery District Office of the DEA unaccompanied by Glassroth to obtain seized personal items that were not being held in evidence. According to a report prepared afterwards by DeJohn, Carmichael stated during that meeting that "he had already resigned himself to the fact that he was going to prison for the rest of his

life" and that he considered a 10, 15, or 20-year sentence "to be a life sentence."  When DeJohn asked him why, Carmichael said, "You got me."[1]

As a ground for his objection, Carmichael argues that the statements should be excluded because of Attorney Glassroth's ineffective assistance of counsel in advising or allowing him to go to the DEA office unaccompanied by counsel.  For the following reasons, the objection is overruled.

I.

First, the court finds that Carmichael's ineffective-assistance-of-counsel claim is premature.  Ineffective-assistance-of-counsel claims in criminal cases can generally only be raised when collaterally attacking a conviction pursuant to 28 U.S.C.A. § 2255.  This is so because such a claim usually requires the development of facts outside the original record.  United States v. Teague, 953 F.2d 1525,

---

1. Defendant's motion in limine regarding alleged statements to law enforcement (Doc. No. 278), pp. 1-2.

1535, n.11 (11th Cir. 1992) ("This court will generally entertain claims for ineffective assistance of counsel only on collateral review because such claims usually require factual findings best made in an evidentiary hearing"); see also United States v. Lee, 374 F.3d 637, 654 (8th Cir. 2004) (ineffective-assistance-of-counsel claims are generally not cognizable on direct appeal and should be raised through a 28 U.S.C. § 2255 motion); United States v. Thomas, 389 F.3d 424, 429 (3d Cir. 2004) ("It is well-established that ineffective assistance of counsel claims are generally not entertained on a direct appeal"); United States v. Briges, 723 F.2d 666 (9th Cir. 1984).

   Given that ineffective-assistance-of-counsel claims are generally premature when raised on direct appeal, it follows that the same is true for ineffective-assistance claims raised before the conclusion of a criminal trial.  Indeed, the very standard for prevailing on an ineffective-assistance-of-counsel claim appears to preclude such claims prior to an actual conviction.  As established by the

3

Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668, 691-94 (1984), in order to prevail on an ineffective-assistance-of-counsel claim, a defendant must show (1) that an error by counsel was professionally unreasonable and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the <u>result of the proceeding</u> would have been different. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id</u>. at 694.

Put simply, there is no outcome or result in Carmichael's case yet. As such, it is impossible for him to show prejudice as defined by <u>Strickland</u> at this stage in the proceedings.

Carmichael cites <u>Luckey v. Harris</u>, 860 F.2d 1012 (11th Cir. 1988), in which the Eleventh Circuit held that <u>Strickland</u> is an inappropriate standard to apply in a civil suit seeking prospective relief, as support for his argument that his ineffective-assistance-of-counsel claim can in fact be raised at this stage in the proceedings. The court has

examined <u>Luckey</u> and concludes that it is clearly inapplicable to Carmichael's case.

In <u>Luckey</u>, a plaintiff class composed of "all indigent persons presently charged or who will be charged in the future with criminal offenses in Georgia courts" sued various Georgia officials. 860 F.2d at 1013. The plaintiff class argued that systemic deficiencies in the State's then-current indigent defense system denied or would be substantially likely to deny them their Sixth Amendment right to counsel. <u>Id</u>. at 1016. The named plaintiff sought declaratory and injunctive relief--namely, increased funding for indigent legal representation.

The lower court in <u>Luckey</u> dismissed the plaintiff's complaint for failure to state a claim. In doing so, the trial court applied <u>Strickland</u>'s two-pronged, deficient conduct/prejudice test. <u>Id</u>. The court reasoned that dismissal of the complaint was appropriate because the plaintiff could not demonstrate the prejudice prong of <u>Strickland</u>--that is, that the State's criminal defense

5

scheme systematically denied or would deny effective representation to the members of the plaintiff class.

On appeal, the discrete question presented to the Eleventh Circuit was whether the lower court erred when it applied the <u>Strickland</u> standard to the plaintiff class's claim that the state's system would violate the class members' Sixth Amendment right in the future.

The Eleventh Circuit reversed the lower court on this point, holding that <u>Strickland</u> is an inappropriate standard for a civil suit seeking prospective relief.  In so deciding, the court distinguished between the standard used to determine "whether an accused has been prejudiced by the denial of a right," which is an issue "that relates to relief," and the question of "whether such a right exists and can be protected prospectively."  860 F.2d at 1017.  The court emphasized that prospective relief is designed to avoid future harm; as such, "it can protect constitutional rights, even if the violation of these rights would not

affect the outcome of a trial." Id. The court further articulated:

> "In a suit for prospective relief the plaintiff's burden is to show the likelihood of substantial and immediate irreparable injury, and the inadequacy of remedies at law. ... This is the standard to which appellants, as a class, should have been held."

Id. at 1018 (citing O'Shea v. Littleton, 414 U.S. 488, 502 (1974); United States v. W.T. Grant Co., 345 U.S. 629, 633 (1953)) (internal quotations omitted).

Luckey is inapplicable to Carmichael's claim in two respects. First, the holding in Luckey applies only to civil cases seeking prospective relief; Carmichael's, of course, is a criminal case. Nothing in Luckey suggests that its holding in any way applies to criminal cases.

Second, and relatedly, the relief that Carmichael is seeking in his criminal trial--namely, the exclusion of evidence due to ineffective assistance of counsel--is not analogous to injunctive and declaratory relief in a civil case. Whereas Carmichael seeks to exclude evidence from

7

his trial as a remedial measure for an alleged violation of his Sixth Amendment right that has already occurred, prospective relief in a civil case is designed to prevent the violation of a right in the future.  It would be nonsensical to apply <u>Strickland</u>'s result-oriented standard in a civil-class action suit that seeks to prevent further violations of future criminal defendants' Sixth Amendment right; however, in an individual criminal case where the alleged harm has already occurred, a remedy need only be implemented if the violation had a prejudicial effect on the result of the proceedings.

In short, <u>Luckey</u> simply holds that <u>Strickland</u> was an inappropriate standard to apply in a civil suit seeking prospective relief.  It does not suggest that it is procedurally appropriate for an individual defendant to raise an ineffective-assistance-of-counsel claim prior to or during his criminal trial, nor does it indicate that <u>Strickland</u> is an inapplicable standard to such challenges.

II.

In addition to the fact that Carmichael's ineffective-assistance-of-counsel claim is premature, the court further concludes that there is insufficient evidence in the record to demonstrate that the claim has any merit.

The evidence indicates that Assistant United States Attorney A. Clark Morris "spoke with defendant Carmichael's [then] attorney, Stephen Glassroth about the return of some of the evidence found in [Carmichael's] vehicle on November 17, 2003. [Attorney Morris] advised Mr. Glassroth that he should make arrangements with the DEA District Office to retrieve these materials."[2] DeJohn's report on his encounter with Carmichael further indicates that Carmichael arrived at the DEA office "under the direction of his attorney ... Glassroth. This was part of an arrangement between ...

---

2. Government's response in opposition to Carmichael's motion to suppress (Doc. No. 117), pp. 7-8.

9

DeJohn and Attorney Glassroth to return seized items to Carmichael that [were] not being held as evidence."[3]

At Carmichael's suppression hearing, Agent DeJohn testified that he had spoken to Attorney Glassroth the same day that Carmichael arrived alone at the DEA office. He relayed the substance of the conversation between himself and Glassroth as follows:

> "There was [sic] some items that Mr. Carmichael needed related to his business that we had taken during his arrest, and [Glassroth] wanted to know if we were not using it for evidence or if there were things that we could make photocopies of and return the actual items to Mr. Carmichael. And we did discuss that, and I told him we would be returning some items to him ... I believe during the conversation we asked who was going to be coming to pick it up ... I was told that Mr. Carmichael would be coming to the office himself. I, you know, wondered if that was appropriate or not, and it was indicated to me that it was fine."[4]

There is no evidence or testimony in the record that indicates the reasons _why_ Glassroth may have countenanced

---

3. <u>Id</u>., Ex. F., at 1, ¶ 2.

4. Transcript of Suppression Hearing, pp. 76-77.

10

Carmichael's trip to the DEA office, and no indication of what, if any, counsel or advice he provided to Carmichael prior to his arrival at the DEA office.  Agent DeJohn's account of this "arrangement" between himself and Glassroth does not shed any light on these matters.

What is clear from the record, however, is that the currently available evidence does not support the conclusion that  Attorney Glassroth's actions violated Carmichael's Sixth Amendment right to effective assistance of counsel.

### III.

In sum, even if Carmichael's claim were not premature, the court simply cannot conclude, based on the evidence in the record, that his Sixth Amendment right to effective assistance of counsel was violated in any way.

Accordingly, it is ORDERED that defendant Leon Carmichael, Sr.'s objection, based on the Sixth Amendment, to the admissibility of incriminating statements he made to Drug Enforcement Agency Agent David DeJohn, is overruled.

DONE, this the 10th day of June, 2005.

                                             /s/ Myron H. Thompson
                                          UNITED STATES DISTRICT JUDGE