IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )
    v.                      )  CRIMINAL ACTION NO.
                            )     2:03cr259-MHT
LEON CARMICHAEL, SR.        )          (WO)
```

OPINION AND ORDER

Defendant Leon Carmichael, Sr. was convicted of conspiring to distribute marijuana and conspiring to commit money laundering. This criminal case is now before the court on the government's motion to enter default against Sherman Industries, Inc. for failure to file a petition of third-party interest in property forfeited pursuant to 21 U.S.C. § 853(n)(2). The government seeks confirmation that Sherman Industries, Inc. has no claim of interest in the property named in the first and second preliminary orders of forfeiture issued by this court on August 1 and August 15, 2005, so

as to be in a position to vouchsafe clear title to potential buyers of the property.

On March 27, 2006, the court ordered the government to show cause as to why its motion should not be denied, as § 853(n) contains no provision for the entry of default, and Sherman Industries, Inc. has never asserted a claim or otherwise made itself (or been made) a party to these proceedings.  The question is whether, and on what authority, the court can enter default against a party that has not made an appearance in these proceedings.

Whenever it becomes necessary to discern the procedures mandated by a highly reticulated statute, such as § 853, guidance should be sought first in the statute itself.  Here, the statute unequivocally grants the government clear title to property subject to criminal forfeiture in the absence of third party petitions, once the deadline for such petitions has passed, as it has in this case.  21 U.S.C. 853(n)(7) reads:

> "Following the court's disposition of all [third-party] petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in paragraph (2) for the filing of such petitions, the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee."

A third-party interest in property subject to forfeiture may only be asserted through the filing of a petition within thirty days of final publication of notice or the receipt of notice, whichever is earlier.  21 U.S.C. § 853(n)(2).  The process receipt filed as Doc. No. 634 in this case shows that the government served notice of the forfeiture on Sherman Industries, Inc. on January 19, 2006.  It cannot be disputed, therefore, that the 30-day period for Sherman Industries, Inc. to file a petition has elapsed.

Rule 32.2 of the Federal Rules of Criminal Procedure, which governs criminal forfeiture, is equally clear in

its grant of title pursuant to forfeiture in the absence of a timely petition:

> "If no third party files a timely petition, the preliminary order becomes the final order of forfeiture if the court finds that the defendant (or any combination of defendants convicted in the case) had an interest in the property that is forfeitable under the applicable statute. The defendant may not object to the entry of the final order on the ground that the property belongs, in whole or in part, to a codefendant or third party; nor may a third party object to the final order on the ground that the third party had an interest in the property."

Federal Rules of Criminal Procedure Rule 32.2(c)(2). These provisions make plain that clear title to property subject to criminal forfeiture is assured by operation of statute, not through default.

The government suggests the unique circumstances of this case warrant an entry of default under Rule 55 of the Federal Rules of Civil Procedure, which permits such action "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or

4

otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Carmichael's sentencing has been delayed, thereby delaying the entry of a final order of forfeiture. Meanwhile, the property at issue is subject to interlocutory sale. The result of these circumstances is that no court order (in the form of a final order of forfeiture) yet exists to reassure potential buyers of the government's clear title to the property.

The government's concern is a legitimate one, since it is no doubt correct that "a written order of default would be a much more persuasive assurance" to potential buyers than the government's own assertion of clear title based on the statutory language of § 853 and Rule 32.2.[1] However, nothing in the language of § 853 or Rule 32.2 authorizes the court to enter default based on mere convenience; instead, they describe precisely how and

---

1. Government's response to order to show cause (Doc. No. 657), p. 4.

when clear title to criminally forfeited property is obtained.

Moreover, this case presents no civil action in which civil default would be warranted. Courts regularly enter default in civil forfeiture proceedings pursuant to 21 U.S.C. § 881 when third parties fail to respond to notice of a government complaint for in rem forfeiture. See United States v. 3262 Southwest 141 Ave., 33 F.3d 1299 (11th Cir. 1994), cert. denied Gonzalez v. United States, 514 U.S. 1091 (U.S. 1995) (upholding district court's denial of motion to set aside the entry of default judgment in civil forfeiture action). In such cases, a civil action is initiated when the government files its complaint. The failure of interested third parties to plead or defend in response to notice of the complaint brings the action within the scope of Rule 55 of the Federal Rules of Civil Procedure.

By contrast, forfeiture under 21 U.S.C. 853 is initiated through a criminal indictment or information

and, assuming the government meets its burden of proof, occurs when a defendant is convicted.[2]  In its response to the show-cause order, the government correctly argues that § 853(n) ancillary proceedings are civil in nature, although they arise in conjunction with criminal prosecutions.  United States v. Douglas, 55 F.3d 584 (11th Cir. 1995) (holding that an ancillary forfeiture proceeding pursuant to 21 U.S.C. § 853(n) is a civil action for the purpose of allowing a third party to recover attorneys' fees).

---

   2.  21 U.S.C. § 853(d) creates a rebuttable presumption that the property of a person convicted of a felony under the relevant statutes is subject to forfeiture if the United States establishes by a preponderance of the evidence that:

> "(1) such property was acquired by such person [the defendant] during the period of the violation of this title or title III or within a reasonable time after such period; and
>
> "(2) there was no likely source for such property other than the violation of this title or title III."

However, Rule 32.2(c)(1) provides that, "If, as prescribed by statute, a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding"; thus, this criminal rule indicates that, unless and until a third party asserts an interest in the forfeited property under § 853(n), an ancillary proceeding is not initiated and there is no "party" against which default might be entered under Rule 55.  Here, because Sherman Industries, Inc. has not filed a petition to validate its interest, no ancillary (and hence no civil) proceeding has been initiated in this case.

The government's motion for entry of default is based entirely on the possibility that Sherman Industries, Inc. might file a petition in the future.  Such a petition is hypothetical, meaning that there is no civil action in which default pursuant to Rule 55 would be warranted, and any entry of default would serve as an impermissible advisory opinion.  More importantly, such a petition

would now be time-barred by operation of an unequivocal statute.

The government also argues that 21 U.S.C. § 853(g) grants the court discretionary authority to enter default. Section 853(g) lists specific actions, including requiring bonds and appointing receivers, by which the court may protect property forfeited under the statute. Section 853(g) provides:

> "Following entry of an order declaring the property forfeited, the court may, upon application of the United States, enter such appropriate restraining orders or injunctions, require the execution of satisfactory performance bonds, appoint receivers, conservators, appraisers, accountants, or trustees, or take any other action to protect the interest of the United States in the property ordered forfeited."

However, the provision permitting courts to "take any other action" to protect property cannot authorize entry of default under Rule 55, if the preconditions required by Rule 55 for such default are not met. As noted above, such preconditions fundamentally include the existence of

a civil action.  And if a petition asserting third-party interest did exist, the court could enter default under Rule 55, if warranted, without recourse to the provisions of § 853(g).  Moreover, resort to § 853(g) is unnecessary "to protect the interest of the United States in the property ordered forfeited," for § 853(n)(7) and Rule 32.2 already give the government clear title.

Accordingly, it is ORDERED that the government's motion to enter default (Doc. No. 653) is denied.

DONE, this the 26th day of May, 2006.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE