IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:03cr259-MHT |
| **LEON CARMICHAEL, SR.** | ) | (WO) |


OPINION

This criminal case is again before the court, this time on APAC of Alabama, Inc.'s petition to validate third-party interest and prevent or restrain the sale of the Carmichael Center, which had been owned by defendant Leon Carmichael, Sr., and which has now been forfeited pursuant to 21 U.S.C. § 853 as a result of Carmichael's conviction of conspiring to distribute marijuana and conspiring to commit money laundering. United States v. Carmichael, 419 F.Supp.2d 1376 (M.D. Ala. 2006). During a scheduling conference held on June 20, 2006, the parties agreed to the submission of this matter on the

briefs already filed with the court, rather than through an evidentiary hearing.  For the reasons that follow, APAC's petition will be denied.

APAC brings its petition under 21 U.S.C. § 853(h), which reads, in relevant part:

> "Upon application of a person, other than the defendant or a person acting in concert with him or on his behalf, the court may restrain or stay the sale or disposition of the property pending the conclusion of any appeal of the criminal case giving rise to the forfeiture, if the applicant demonstrates that proceeding with the sale or disposition of the property will result in irreparable injury, harm, or loss to him."

Section 853(h), therefore, does not provide a means for a petitioner to validate an interest in property; rather, it permits the court to stay the sale of forfeited property pending appeal upon a petitioner's showing of irreparable harm.

Nevertheless, the court will construe APAC's petition as brought under both § 853(h) and 21 U.S.C. § 853(n), which governs the validation of third-party interests in

2

property subject to forfeiture. APAC cannot prevail under either provision.

APAC asserts that it sold materials to Carmichael for the construction of the Carmichael Center pursuant to a contract dated April 18, 2003. When Carmichael failed to pay, APAC filed a breach-of-contract action in state court and obtained a default judgment in the amount of $ 154,331.60. APAC, however, never filed a materialmen's lien and never sought to obtain a judgment lien until after it filed the petition currently before this federal court. In other words, APAC has been an unsecured creditor of Carmichael's throughout the forfeiture process.

As a preliminary matter, a petition to validate an interest in the property pursuant to § 853(n) is now time barred. A third-party interest in property subject to forfeiture may be asserted through only the filing of a petition within 30 days of final publication of notice or

the receipt of notice, whichever is earlier.  21 U.S.C. § 853(n)(2).  This period is long passed.

Moreover, the notice the government gave here was statutorily adequate.  Section 853(n)(1) requires the government to publish notice of the order of forfeiture and provides that it "may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture."  Here, the court entered the preliminary order of forfeiture as to the Carmichael Center in August 2005, and the government published notice of the order in September 2005.  While APAC was not provided with direct written notice of the forfeiture action (as were all potential third parties with a recorded interest in the property), this was because APAC filed no lien, or other recorded notice, to preserve its interest or protect its default judgment; thus, the fact that the United States was not aware of the debt Carmichael owed APAC and did not afford APAC any

4

personal service of notice of the forfeiture proceedings is understandable.  Moreover, the court notes that the government's published notice was accompanied by signs on the property itself and followed a trial that was covered exhaustively by local print and television media.

However, even if the petition were not time barred, § 853(n) provides for the validation of only two types of legal interest in forfeited property, and APAC cannot meet its burden of showing that it has either.  Under subsection (n)(6)(A) of 21 U.S.C. § 853, APAC must show a vested or superior interest in the Carmichael Center at the time of the criminal acts giving rise to forfeiture of the property.  APAC has stated that it filed a judgment lien against the center on or about June 8, 2006.  This lien, filed a year after Carmichael's trial, cannot of course satisfy the requirement of subsection (n)(6)(A) that the interest arise before the criminal acts giving rise to the forfeiture.  See United States v. Carmichael, 419 F.Supp.2d 1376, 1379 (M.D. Ala. 2006)

(under subsection (n)(6)(A), petitioner R & H had no vested or superior interest in the Carmichael Center at the time of the criminal acts giving rise to forfeiture of the property).

Nor can APAC show an interest under subsection (n)(6)(B) of 21 U.S.C. § 853 as a bona fide purchaser for value without reason to know that the property was subject to forfeiture. APAC was an unsecured creditor throughout the forfeiture proceedings, and unsecured creditors are not purchasers for value because "their interest lies against the debtor personally as opposed to any specific property." United States v. Watkins, 320 F.3d 1279, 1284 (11th Cir. 2003). Assuming that APAC has now filed a valid judgment lien, it has admittedly done so after learning of the forfeiture. Therefore, APAC can assert no valid interest under either subsection of § 853(n), even if its petition were not time barred.

Finally, APAC cannot obtain a stay of the sale of the center pursuant to § 853(h). To obtain a stay under this

provision, the petitioner must demonstrate irrevocable harm resulting from the sale.  Here, APAC fears that the sale of the center will dissipate Carmichael's assets, rendering it less likely that Carmichael will be able to satisfy his debt to APAC in the future.  Because APAC has now apparently filed a judgment lien against the property, it could in theory force Carmichael to satisfy the debt through sale of the center if Carmichael's conviction were overturned on appeal and the property restored to him.  APAC thus contends that it has a pecuniary interest in a stay of sale pending the outcome of an eventual appeal.

 However, to allow a stay of the sale pursuant to § 853(h) simply to protect a property interest would be to circumvent the procedures for the validation of third-party interests in property contained in § 853(n).  The court has no authority to create such an 'end run' around the explicit statutory requirements of § 853(n).  Because APAC has no interest in the center that can be validated

7

under § 853(n), the harm it will suffer as a result of the sale of the center cannot be the type of harm envisioned in § 853(h) as warranting a stay of sale.

An appropriate judgment will be entered.

DONE, this the 21st day of June, 2006.

                                            /s/ Myron H. Thompson  
                                      UNITED STATES DISTRICT JUDGE