# UNITED STATES DISTRICT COURT

____MIDDLE____ District of ____ALABAMA____

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| LEON CARMICHAEL, SR. | Case Number:   2:03cr259-001-MHT |
| | (WO) |
| | USM Number:   11330-002 |
| | Susan G. James and Carmen D. Hernandez |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

X was found guilty on count(s)   1sss and 2sss of the Third Superseding Indictment on 6/17/05
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:846 | Conspiracy to Distribute and Possess with Intent to Distribute Marijuana | 11/17/2003 | 1sss |
| 18:1956(h) | Conspiracy to Commit Money Laundering | 2/24/2003 | 2sss |

   The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)   1, 1s, 1ss and 2ss       ☐ is   X are  dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 22, 2007
Date of Imposition of Judgment

*/s/ signature/*
Signature of Judge

MYRON H. THOMPSON, U.S. DISTRICT JUDGE
Name and Title of Judge

3/28/2007
Date

DEFENDANT: LEON CARMICHAEL, SR.
CASE NUMBER: 2:03cr259-001-MHT

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

480 months. This term consists of 480 months on Count 1sss and 240 months on Count 2sss to be served concurrently to the term on Count 1sss.

X The court makes the following recommendations to the Bureau of Prisons:

1. The court recommends that the defendant be designated to a facility where drug treatment is available.

2. The court recommends that the defendant be designated to a facility near his children in Montgomery, Alabama.

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT:         LEON CARMICHAEL, SR.
CASE NUMBER:       2:03cr259-001-MHT

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

5 Years. This term consist of 5 years on Count 1sss and 3 years on Count 2sss, all such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: LEON CARMICHAEL, SR.
CASE NUMBER: 2:03cr259-001-MHT

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which may include testing to determine whether he has reverted to the use of drugs. The defendant shall contribute to the cost of any treatment based on ability to pay and the availability of third-party payments.

2. The defendant shall provide the probation officer any requested financial information.

3. The defendant shall not obtain new credit without approval of the court unless in compliance with the payment schedule.

4. The defendant shall submit to a search of his person, residence, office and vehicle pursuant to the search policy of this court.

DEFENDANT: LEON CARMICHAEL, SR.
CASE NUMBER: 2:03cr259-001-MHT

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|         | **Assessment** | **Fine** | **Restitution** |
|---------|----------------|----------|-----------------|
| TOTALS  | $ 200.00       | $        | $               |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

| TOTALS | $ 0 | $ 0 |
|--------|-----|-----|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

| | |
|---|---|
| DEFENDANT: | LEON CARMICHAEL, SR. |
| CASE NUMBER: | 2:03cr259-001-MHT |

Judgment — Page __6__ of __7__

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  **X**  Lump sum payment of $ __200.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  **X**  Special instructions regarding the payment of criminal monetary penalties:

    All criminal monetary penalty payments shall be made to the Clerk, United States District Court, Middle District of Alabama, Post Office Box 711, Montgomery, Alabama 36101.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

**X**  The defendant shall forfeit the defendant's interest in the following property to the United States:
See additional forfeited property sheet

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: LEON CARMICHAEL, SR.
CASE NUMBER: 2:03cr259-001-MHT

Judgment—Page __7__ of __7__

## ADDITIONAL FORFEITED PROPERTY

1. All of the Southwest Quarter of Section 31, T-16-N, R-18-E, Montgomery County, Alabama, containing 160 acres, more or less: LESS AND EXCEPT the following (4) parcels of land:

   That certain 12.273 acre parcel conveyed by John H. Pitts, et. al. to Jack Loeb, contractor, by Deed recorded in the Office of the Judge of Probate of Montgomery County, Alabama, in Deed Book 606 at page 140;

   That certain 3.86 acre parcel know as Lot A, Sunbelt Industrial Park Plat No. 1, as recorded in the Office of the Judge of Probate, Montgomery County, Alabama, in Plat Book 29 at page 145;

   That certain 3.00 acre parcel known as Lot A, Star Construction Plat No. 1, as recorded in the Office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 36 at page 247: and,

   That certain 6.00 acre parcel described as follows: Commence at the Northwest corner of the Southwest Quarter of Section 31, T-16-N, R-18-E, Montgomery County, Alabama; thence run N 89° 25'00" E, 460.0 feet to a point; thence run South 20.0 feet to a point lying on the South right-of-way of Fleming Road (40' ROW); thence run along said South right-of-way, N 89° 25' E, 872.25 feet to the Northeast corner of Lot A, according to the map of Star Construction Plat No. 1, as recorded in the Office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 36 at page 247, said point being the point of beginning; thence from said point of beginning, continue along said South right-of-way, N 89° 25' E. 544.5 feet to a point; thence leave said right-of-way and run South 480.0 feet to a point; thence run S 89° 25' W, 544.5 feet to the Southeast corner of the aforementioned Lot A, thence run along the East line of said Lot, North 480.0 feet to the point of beginning.

   All of the Northwest Quarter of Section 6, T-15-N, R-18-E, Montgomery County, Alabama, containing 160.0 acres, more or less.

   And a 50.93 acre parcel of land described as follows: Begin at the Northeast corner of Section 1, T-15-N, R-18-E, Montgomery County, Alabama; thence South along the range line 43.30 chains (2857.8 feet) to the centerline +of Catoma Creek; thence Northwesterly down said creek the following courses and distances:  1)N 79° 49' W, 79.2 feet; 2) S 80° 55' W, 50.6 feet; 3) S 64° 25' W, 208.4 feet; 4) N 61° 20" W, 171.0 feet; 5) N 41° 11' W, 116.9 feet; 6) N 22° 03' W, 306.4 feet; 7) N 45° 13' W, 95.0 feet to the Alabama Midland Railroad (Now Atlantic Coastline Railroad); thence Northwesterly along said railroad to the township line; thence East and along the township line, 15 chains (990.0 feet) to the point of beginning.

2. One 2001 Honda Accord EX, VIN: 1HGCG16521A033354.